[No. 8104.]

## . HAGADORN INVESTMENT COMPANY V. JONES.

The case ruled by the opinion announced in *Hagadorn Investment Co. v. Rieke,* No. 8274, 60 Colo. 555.

The judgment of the District Court directed that if notes given by plaintiff as part of the purchase price of certain land should not be returned into court and cancelled by defendant, plaintiff should have judgment against defendant for 'the amount due upon said promissory notes, with interest.

In affirming the judgment this provision was so modified as to direct that if the notes given by plaintiff should be returned into court for cancellation, the judgment should be reduced by the amount of the obligation surrendered.

*Error to Conejos District Court.*   Hon. CHARLES C. HOLBROOK, Judge.

Mr. ROY E. DICKERSON, Mr. JOHN R. SMITH, for plaintiff in error.

Messrs. BARNETT & CAMPBELL, Mr. N. M. CAMPBELL, for defendant in error.

BAILEY, J., delivered the opinion of the court.

On February 25th, 1910, the defendant in error, John L. Jones, brought suit in the District Court of Conejos County, against plaintiff in error, The Hagadorn Investment Company, to rescind, for fraud, misrepresentation and deceit in its procurement, a contract of sale of a quarter section of land, together with water shares therefor, in San Luis Valley. The contract price was $55 an acre, a total of $8,800, in payment of which he executed a conveyance of eighty acres of land in Iowa, as a partial payment in the sum of $4,000, and executed promissory notes, secured by mortgage on the land, for the balance, $4,800. The case was tried to the court without a jury, resulting in findings, judgment and decree in favor of Jones, which the company brings here for review on error.

The determination of this case is governed by the decision in *Hagadorn Investment Company vs. Henry J. Rieke*, decided this term. The controlling facts concerning the general scheme of fraud, misrepresentation and deceit practiced by the Hagadorn Company in procuring the contracts of sale, are substantially the same in both cases, and the findings of the trial court are essentially alike. However, the judgment should be modified. It reads as follows:

"It is Therefore Ordered, Adjudged and Decreed:

First.—That the contract of sale, between plaintiff and defendant, and all deeds or conveyances and notes executed and delivered in pursuance thereof, be rescinded, cancelled, annulled and held for naught, and that the amount of the purchase price paid by plaintiff to defendant be returned to plaintiff, in the amount of $8,800.00.

Second.—That if the notes given by plaintiff to defendant as a part of the purchase price of the land sold by defendant to plaintiff and the mortgage given as security for the payment of said notes, be not returned into court and cancelled by defendant, or if defendant has sold, transferred or hypothecated or otherwise disposed of said notes and mortgage, plaintiff have judgment against the defendant for the amount due, or to become due on said notes, together with interest thereon, according to the tenor of said notes.

Third.—That plaintiff have and recover, as damages, against defendant, and for additional fees, expenses and damages sustained by him, hereafter to be found and taxed.

Fourth.—And for costs of this suit."

The second paragraph is modified to read as follows:

Second.—If the note or notes given by plaintiff to defendant as part purchase price of the land sold be forthwith returned into court for cancellation, then and in such event the judgment shall be reduced by the amount of the obligations surrendered.

The judgment and decree, as modified, is affirmed.

GABBERT, C. J., and WHITE, J., concur.

Decided January 3, A. D. 1916. Rehearing denied March 6, A. D. 1916.